**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.   15-cv-01065-RM-MJW

HCC LIFE INSURANCE COMPANY,

      Plaintiff,

v.

PATRICK MCGOLDRICK,

      Defendant.

---

**ORDER ON MOTION FOR DEFAULT JUDGMENT (ECF NO. 9)**

---

THIS MATTER is before the Court on Plaintiff HCC Life Insurance Company's Motion for Default Judgment against Defendant Patrick McGoldrick ("Motion") (ECF No. 9), requesting an order declaring that its Short Term Major Medical Insurance Policy issued to Defendant excludes coverage for metastatic melanoma in his right leg.  Upon consideration of the Motion and supporting documents, the Court file, and the applicable statutes, rules and case law, and being otherwise fully advised, the Motion is GRANTED IN PART AND DENIED IN PART.

    **I.**      **PROCEDURAL BACKGROUND**

On May 20, 2015, Plaintiff filed a Complaint for Declaratory Judgment, seeking an order from this Court declaring that Plaintiff has no duty to provide payment for Defendant's treatment related to the diagnosis of metastatic melanoma.  Defendant was properly served (ECF No. 6), but filed no answer or other response.  *See generally* Docket.  Upon Motion for Entry of Default filed June 12, 2015, the Clerk of the Court entered default against Defendant.  (ECF Nos. 7, 8.)  The Motion followed, to which Defendant has filed no response.

## II.     LEGAL STANDARD

Default judgment may enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55.  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (quotation marks and citation omitted).  Once default enters, the plaintiff's well-pleaded factual allegations are deemed admitted.  *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  "Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-CV-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008).   The Court has broad discretion in deciding a default judgment question.  *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

## III.    FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ANALYSIS

### A.  Findings of Fact

1.       Plaintiff is domiciled in the State of Indiana, maintains its principal place of business in Kennesaw, Georgia, and has claims operations in Indianapolis, Indiana.  (Complaint, ¶3.)

2.       Plaintiff is authorized to transact business in the State of Colorado.  (Complaint, ¶4.)

3. Defendant is a resident of the State of Colorado, with an address of 35885 Pleasant Hill Avenue, Galeton, Colorado. (Complaint, ¶5.) Defendant was served with a summons and the Complaint at that address. (ECF No. 6.)

4. Defendant is not a minor, incompetent person, or a military service member within the meaning of The Service Members Civil Relief Act. (ECF No. 9-3, ¶4.)

5. The amount in controversy between the parties exceeds $75,000.00. (Complaint, ¶¶1, 6, 23, 24, 29.)

6. On or about June 23, 2014, Defendant submitted an application to Plaintiff for a Short Term Major Medical Insurance Policy. (Complaint, ¶¶6, 7.)

7. The application asked Defendant if "Within the last 5 years has any applicant been diagnosed, treated, or taken medication for or experienced signs or symptoms of any of the following: cancer or tumor." Defendant answered "no" to that question. (Complaint, ¶¶8, 9.)

8. The application requested an effective date of June 24, 2014, one day after the application was submitted. (Complaint, ¶10.)

9. Thereafter, Plaintiff issued Defendant a Short Term Major Medical Insurance Policy, for a six month term, from June 24, 2014 to December 23, 2014, with liability policy limits of $2,000,000 (the "Policy"). (Complaint, ¶6.)

10. On June 27, 2014, within three days of the effective date of the Policy, Defendant met with his primary care provider, Joshua Crider, P.A. with Banner Health, to evaluate a skin lesion on his right leg. (Complaint, ¶¶11, 12.)

11. Mr. Crider's June 27, 2014, treatment notes indicate the following:

    a. Defendant's "skin lesion began one year" before his appointment;

    b. Defendant had suffered throbbing right inner thigh pain for the prior three months;

      c. Defendant had been wrapping the lesion on a daily basis because it would bleed;

      d. In January 2014, the lesion had been the size of quarter but was now much larger;

      e. Defendant had a swollen lymph node in his right groin and a gland in his right hip that had been swelling for the previous three months; and

      f. Mr. Crider diagnosed Defendant with "leg melanoma" and associated lymphadenopathy.

(Complaint, ¶¶13-19.)

12. On June 30, 2014, upon referral from Mr. Crider, Defendant met with Dr. Vickerman who scheduled surgery for the next day. (Complaint, ¶¶20-22.)

13. On July 1, 2014, Dr. Vickerman performed surgery on Defendant. A biopsy showed Defendant had metastatic melanoma. (Complaint, ¶¶23, 24.)

14. On July 16, 2014, Defendant met with Jan Beltz, a nurse practitioner and wound specialist. (Complaint, ¶25.) Defendant provided Ms. Beltz with a medical history indicating the following:

      a. Defendant first noticed the mole on his leg in 2004 and had visited a dermatologist previously to have it examined;

      b. In January 2014, the mole started to significantly increase in size but, because Defendant was dealing with his daughter's health issues, he put off seeing his doctor; and

      c. In April/May 2014, Defendant noticed swelling in his right groin area.

(Complaint, ¶¶26-28.)

15. Thereafter, a claim was submitted to Plaintiff for the cost of Defendant's treatment as a result of the metastatic melanoma in his right leg. (Complaint, ¶29.)

16. Part VI – Exclusions, paragraph 1 of the Policy excludes "pre-existing conditions" from coverage. The exclusion provides, in relevant part: "Charges resulting directly or indirectly from a condition for which a Covered Person received medical treatment, diagnosis, care or advice within the twelve (12) month period immediately preceding such person's Effective Date are excluded from coverage hereunder." (ECF No. 1-1, page 18.)

17. Part VI – Exclusions, paragraph 2 of the Policy excludes benefits for Sicknesses which begin during the waiting period. That exclusion provides: "If coverage was purchased within 3 days of the Covered Person's Effective Date, then in respect to Sickness, Covered Persons will only be entitled to receive benefits for Sicknesses that begin, by occurrence of symptoms and/or receipt of treatment, at least 72 hours following the Covered Person's Effective Date of coverage under the policy." (ECF No. 1-1, page 18.)

18. Plaintiff denied Defendant's claim based on the pre-existing condition and waiting period exclusions under the Policy. (Complaint, ¶32.)

### B. Conclusions of Law and Analysis

#### 1. Jurisdiction

Before considering the entry of default judgment, the Court must consider personal and subject matter jurisdiction. *Williams v. Life Sav. & Lo*an, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."); *Dennis Garberg & Associates, Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) ("[J]udgment by default should not be entered without

a determination that the court has jurisdiction over the defendant."). Plaintiff is a citizen of the States of Indiana and Georgia, and Defendant is a citizen[1] of the State of Colorado. In addition, based on Defendant's illness and resulting surgery, the $2 Million limits of liability under the Policy, and Plaintiff's allegation (now deemed true) in light of its knowledge of the claim submitted, the Court finds the amount in controversy exceeds $75,000.00. According, the Court concludes it has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Concomitantly, the Court concludes it has personal jurisdiction over Defendant, a citizen of Colorado.

### 2. The Service Members Civil Relief Act

The Court finds Plaintiff has complied with the requirements of 50 U.S.C. App. § 521, which affords protection for servicemembers against default judgments. Under § 521, before entering judgment for the plaintiff against a nonappearing defendant, plaintiff must file an compliant affidavit. Under the facts and circumstances in this case, based on information available to Plaintiff (which includes Defendant's insurance application and medical records), Plaintiff's counsel has filed an affidavit with the Court representing compliance with § 521. Upon consideration of the factual findings, the Court finds § 521 has been satisfied.

---

[1] The Complaint alleges Defendant is a "resident" of the State of Colorado. While "residenc[y] alone is not the equivalent of citizenship,…the place of residence is *prima facie* the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Janis v. Story & Assocs.*, 124 F.3d 216, 1997 WL 1997 WL 545569, at *3 (10th Cir. 1997) (unpublished table decision). And, "[w]ith respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Walden v. Broce Const. Co.*, 357 F.2d 242, 245 (10th Cir. 1966) (quotation marks and citation omitted). The Court finds the record in this instance sufficient to conclude that Defendant is a Colorado citizen, *i.e.,* Defendant's residence is in Colorado, Defendant was served in Colorado, and Defendant was treated at Banner Health, which has locations in Colorado.

### 3. No Insurance Coverage

The Policy states that it is to be governed by the laws of Missouri.[2] (ECF No. 1-1, page 1.) The general rules for interpretation of contracts apply to insurance contracts. *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 160 (Mo. 2007). Where an insurance policy is ambiguous, the ambiguity is resolved against the insurer and in favor of the insured. *Todd*, 223 S.W.3d at 160. Where the insurance policy is unambiguous, it must be enforced as written. *Allen v. Continental Western Ins. Co.*, 436 S.W.3d 548, 554 (Mo. 2014); *Todd*, 223 S.W.3d at 160. "Definitions, exclusions, conditions, and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable." *Allen*, 436 S.W.2d at 554 (quotation marks and citation omitted). "Whether an insurance policy is ambiguous is a question of law." *Todd,* 223 S.W.3d at 160 (quotation marks and citation omitted).

Plaintiff seeks an order declaring the Policy provides Defendant no coverage due to the pre-existing conditions and waiting period exclusions. The Court finds the Policy is unambiguous, and will address each exclusion separately.

First, based on the clear and unambiguous language, the waiting period exclusion applies. Specifically, the Policy was purchased (June 23, 2014) within 3 days of the effective date (June 24, 2014). Defendant's "sickness" did not began "by occurrence of symptoms and/or receipt of treatment, at least 72 hours *following*" the effective date of June 24, 2014. Instead, his sickness was present during, and began well before, the waiting period. Defendant noticed problems with

---

[2] The Court questions the representation in the Policy that it "was delivered in Missouri," where there are no factual allegations to support even an inference that this occurred. Regardless, Plaintiff does business in Colorado and Defendant resided (and apparently still resides) in Colorado, and the same result would be reached if Colorado law applies. *E.g., Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 820 (Colo. 2002) ("[I]nsurance policies are contracts, which must be construed according to their plain meaning and well-settled principles of contract interpretation.); *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999) ("Courts should not rewrite insurance policy provisions that are clear and unambiguous.").

his "skin lesion" at least a year before June 24, 2014; noticed his lesion had grown since January 2014 and was aware since then that he should see a doctor but put it off; had been wrapping his lesion because it would bleed; and noticed swelling in his right groin area in March/April 2014. As such, Defendant's symptoms of metastatic melanoma were present during the Policy's waiting period; therefore, coverage is precluded for all medical claims incurred as a result of treatment related to the diagnosis of metastatic melanoma.

The Court's conclusion, however, is to the contrary as to the pre-existing condition exclusion. Under that exclusion, coverage is excluded for "[c]harges resulting directly or indirectly from a condition" for which Defendant "*received* medical treatment, diagnosis, care or advice within the twelve (12) month period immediately preceding" the effective date, June 24, 2014. (ECF No. 1-1, page 18, emphasis added.) Plaintiff provides no such evidence. Instead, the record shows that, during the relevant time period, Defendant was aware that he had a medical issue but he did not seek – or receive – medical treatment, diagnosis, care or advice. Accordingly, the pre-existing condition exclusion does not preclude coverage for the claim at issue. In summary, Plaintiff's Motion based on the pre-existing condition exclusion is denied, but its Motion based on the waiting period exclusion is granted.

### IV. CONCLUSION

Based on the foregoing, the Court:

(1) ORDERS that Plaintiff HCC Life Insurance Company's Motion for Default Judgment against Defendant Patrick McGoldrick ("Motion") (ECF No. 9) is GRANTED IN PART AND DENIED IN PART;

(2) ORDERS AND DECLARES that Paragraph 2 "Waiting Period," Part VI – Exclusions, of the Short Term Major Medical Insurance Policy (ECF No. 1-1, page

18) Plaintiff issued to Defendant Patrick McGoldrick, effective from June 24, 2014 to December 23, 2014, excludes coverage for any medical treatment in any way related to his diagnosis of metastatic melanoma in his right leg and Plaintiff has no duty to provide payment for this medical treatment; and

(3) ORDERS that the Clerk of the Court shall enter DEFAULT JUDGMENT pursuant to Fed. R. Civ. P. 55(b)(2) in favor of Plaintiff and against Defendant in accordance with this Order.

DATED this 7th day of October, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge